UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AZAR S.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. 24-13217<br><br>Magistrate Judge Elizabeth A. Stafford |

# ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY (ECF NO. 13)

　　Plaintiff Azar S. sues the Social Security Administration, her former employer, claiming that she was improperly denied disability benefits and that she was subjected to employment discrimination. ECF No. 1. The government moved to stay discovery on June 24, 2025. ECF No. 13. The Court ordered plaintiff to respond by July 17, 2025. ECF No. 14. But plaintiff has not responded.

　　It is well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery. *See, e.g.*, *Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015) ("Generally, the filing of a dispositive motion is insufficient to warrant a stay

of discovery."); *Williams v. New Day Farms, LLC*, No. 2:10- CV-0394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

But "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). The government seeks to dismiss plaintiff's complaint, arguing that her claims are untimely or fail to state a claim, issues that would be dispositive of the entire case. So staying discovery until the dispositive motion is resolved "would be an efficient way to reduce or eliminate any unnecessary usage of resources." *Hoosier v. Liu*, No. 2:16-10688, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) (citing *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)). Thus, the Court **GRANTS** the government's motion to stay discovery (ECF No. 13).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 21, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2025.

                                                   s/Davon Allen
                                                   DAVON ALLEN
                                                   Case Manager