UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AZAR S., <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 24-cv-13217 <br> Honorable Linda V. Parker <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING SUR-REPLY AND AMENDED COMPLAINT
(ECF NOS. 12, 17)**

Plaintiff Azar S., proceeding *pro se*, filed a sur-reply to the government's motion to dismiss.  ECF No. 12.  But the general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence."  *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for

leave that sets forth "good cause."  *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019)

Here, plaintiff filed no motion for leave and has shown no good cause for filing a sur-reply.  As such, the Court **ORDERS** that plaintiff's sur-reply be **STRICKEN**.  ECF No. 12.

Plaintiff also filed an amended complaint on September 10, 2025, without moving for leave to amend.  ECF No. 17.  Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

The government moved to dismiss the action in lieu of answering on March 6, 2025.  ECF No. 8.  Plaintiff was not authorized under Rule 15(a)(1) to file an amended complaint as a matter of course, as it was filed long after 21 days after service of the government's motion in March 2025.  Thus, the Court **STRIKES** plaintiff's amended complaint.  ECF No. 17.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: December 18, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

> s/Davon Allen
> DAVON ALLEN
> Case Manager