UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AZAR S., <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 24-cv-13217 <br> Honorable Linda V. Parker <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS
(ECF NO. 8)**

## I.   Introduction

Plaintiff Azar S., proceeding pro se, sues the Social Security Administration (SSA) for employment discrimination and wrongful denial of her application for disability benefits. ECF No. 1. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 21. The government moves to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 8. The Court **RECOMMENDS** that the motion be **GRANTED**.

## II.     Background

Plaintiff, a former SSA employee, claims that she was discriminated against based on her national origin, race, and religion.  ECF No. 1, PageID.2, 7, 11-14.  She alleges that she experienced racially offensive remarks from her supervisors, was given poor work evaluations, and was denied promotions.  *Id.*  Plaintiff pursued discrimination claims with the SSA and Equal Employment Opportunity Commission (EEOC), and, in April 2011, the SSA issued a final decision denying her claim.  ECF No. 8-2.  The final decision informed plaintiff that she could appeal in federal court within 90 days of receiving the decision.  *Id.*, PageID.76.

After suffering two strokes, plaintiff stopped working for the SSA and applied for disability benefits in May 2011.  ECF No. 1, PageID.2.  Her application and later appeal were denied.  *Id.*  She reapplied in 2014 and was ultimately awarded benefits.  *Id.*, PageID.2-3.  But because plaintiff reported that she earned income from self-employment in 2016, her disability benefits were terminated.  *Id.*, PageID.3-4.  Plaintiff appealed the decision.  An ALJ denied the appeal in November 2018, and the Appeals Council (AC) denied plaintiff's appeal in August 2022.  ECF No. 8-3, PageID.80-81.  The AC's notice of denial stated that plaintiff could appeal

the decision in federal court within 60 days of receiving the notice.  *Id.*, PageID.82.

Plaintiff filed this action in December 2024 and asserts six claims: (1) declaratory relief, (2) injunctive relief, (3) unequal and disparate treatment, (4) misrepresentation and misappropriation of funds, (5) unjust enrichment, and (6) negligent infliction of emotional distress (NIED).  ECF No. 1.

### III. Analysis

#### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League*

3

of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Because the Court reviews the complaint on its face, it must accept plaintiff's allegations as true. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). But a court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l*

4

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Thus, the Court has considered the agency's notices of final decisions on plaintiff's employment discrimination claim and her appeal of a disability benefit denial.

The government argues that it is immune from suit on plaintiff's tort claims and that subject-matter jurisdiction is thus lacking over those claims. "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  The government makes a facial attack here, challenging whether plaintiff has alleged a basis for subject-matter jurisdiction.  Thus, the Court takes the allegations of the complaint as true. *See id.*  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *Id.*

## B.

Plaintiff's claims for declaratory and injunctive relief seek an award of full disability benefits.  ECF No. 1, PageID.8-11.  These claims are untimely.  The relevant statute provides,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party…may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice*

*of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); 20 C.F.R. § 422.210(c) (a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual").

The AC's notice of denial was dated August 31, 2022. ECF No. 8-3. This action, filed more than two years later in December 2024, is untimely. Plaintiff suggests that she has filed subsequent disability applications, each time renewing the limitations period for appealing her original application. ECF No. 10, PageID.97, 104. But later submissions do not extend the limitations period for appealing earlier disability decisions in federal court. *Banta v, Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991). "A rule allowing claimants to extend their time for filing in district court simply by submitting additional materials…would frustrate Congress's intent to limit judicial review to the original decision denying benefits and thereby forestall repetitive or belated litigation of stale eligibility claims." *Id.* (cleaned up).

Plaintiff asks that the limitations period be equitably tolled because she did not receive the notice of denial and because of delays stemming from the pandemic, a death in her family, and her illness. ECF No. 10, PageID.104-105. Equitable tolling of the 60-day limitations period is

6

available only if the plaintiff shows "exceptional circumstances." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). The plaintiff bears the burden of proving that tolling is justified, and "this is a high hurdle to clear, as federal courts sparingly bestow equitable tolling." *Id.* (cleaned up). When determining whether equitable tolling applies, courts typically consider:

> (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (cleaned up). Equitable tolling "generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50.

A claimant is presumed to have received notice of a decision "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). While plaintiff argues that she never received the AC's notice of denial, she offers no evidence in support. *See Singleton v. Comm'r of Soc. Sec.*, No. 1:09-cv-933, 2010 WL 3734060, at *3 (W.D. Mich. Mar. 24, 2010), *adopted*, 2010 WL 3734053 (W.D. Mich. Sept. 20, 2010) (rejecting an argument that the AC's notice extending the limitations period was lost in the mail when the argument was unsupported

7

by evidence); *Guinyard v. Apfel*, No. 99 CIV. 4242, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000) ("bare assertion" of delayed receipt of denial notice could not justify equitable tolling).  Absent from plaintiff's argument is any assertion of when she did learn of the AC's denial.  And given the delay of over two years, plaintiff has not shown that she acted diligently or that she was reasonably ignorant of the deadline.  She has not shown that she requested updates on the appeal progress after supposedly hearing nothing for years.  And plaintiff was likely familiar with the filing deadlines, as she claims that her "knowledge of Defendant's Policies and Procedure has never been a matter of dispute."  ECF No. 10, PageID.97.

      Plaintiff's other explanations that her appeal was delayed because of the pandemic, a death in her family, and her poor health are also too vague to support equitable tolling.  *See Guinyard*, 2000 WL 297165, at *4 ("[C]onclusory and vague claim, without a particularized description…is manifestly insufficient to justify any further inquiry into tolling." (cleaned up)).  Plaintiff fails to explain why these circumstances delayed her appeal by more than two years.  Plaintiff's claims for declaratory and injunctive relief should be dismissed.

## C.

Plaintiff also advances a claim of "unequal and disparate treatment under the law," which the government views as a claim under Title VII of the Civil Rights Act of 1964.  ECF No. 1, PageID.11-15; ECF No. 8, PageID.41-42.  But plaintiff does not reference Title VII in her complaint and instead claims that the SSA "violated Plaintiff's rights under the 14th Amendment to equal treatment under the law."  ECF No. 1, PageID.14.  Plaintiff thus advances an equal protection claim, not a Title VII claim.  Plaintiff claims that the SSA discriminated against her in her employment and in evaluating her disability applications.  *Id.*, PageID.11-14.

The government contends that plaintiff's claim is untimely because she did not file the action within 90 days of receiving the agency's final decision on her discrimination complaint.  ECF No. 8, PageID.41-42.  The government relies on authorities governing the limitations period for Title VII claims.  But plaintiff's equal protection claim is nevertheless untimely.[1]

---

[1] Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to her indigence.  ECF No. 5.  Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen suits where the plaintiff is proceeding in forma pauperis and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants.  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

9

When a civil rights action against a federal agency arises in Michigan, federal courts borrow the state's three-year limitations period for personal injury actions. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016); *see also* Mich. Comp. Laws § 600.5805(2). Federal law governs the accrual date for the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). For claims under § 1983, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of [the] injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (cleaned up). That is, a claim accrues when "the event that should have alerted the typical lay person to protect his or her rights" occurs. *Id.* (cleaned up).

Plaintiff alleges that she faced discrimination in the form of racially offensive remarks, poor work evaluations, and denial of promotions. ECF No. 1, PageID.2, 7, 11-14. Any discriminatory acts would have occurred before she stopped working for the SSA in May 2011. *See id.*, PageID.2. Plaintiff's equal protection claim was filed in December 2024, over thirteen years later. This claim is untimely and should be dismissed.

Plaintiff's equal protection claim stemming from the allegedly discriminatory denial of disability benefits is also untimely. Although framed as a discrimination claim, the complaint challenges the SSA's adverse

10

decisions on plaintiff's disability applications and is properly brought under 42 U.S.C. § 405(g). *See* ECF No. 1, PageID.12 (alleging that the "ALJ failed to grant disability to Plaintiff" and challenging the "denial of her petition for disability" as "highly subjective"); *see also Fraser v. Comm'r of Soc. Sec.*, No. 3:16-cv-939, 2016 WL 5875018, at *3-4 (N.D. Tex. Sept. 9, 2016), *adopted*, 2016 WL 5870963 (N.D. Tex. Oct. 6, 2016) ("Fraser…challenges decisions made by ALJs—challenges which more appropriately belong in an action seeking judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).").

"The Social Security Act contains a very narrow waiver of sovereign immunity, and claims seeking Social Security benefits—including claims based on allegations of illegal discrimination—must be brought under this statute, naming the Commissioner of Social Security…as the defendant." *Tejwani v. Soc. Sec. Disability*, No. 14-11033, 2014 WL 13145287, at *2 (D. Mass. May 21, 2014); *Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998); *see also* 42 U.S.C. § 405(h) (precluding any federal action against the United States or any SSA officer or employee for claims arising under the Social Security Act). As discussed above, plaintiff's claims under § 405(g) are untimely.

## D.

Plaintiff's misrepresentation, unjust enrichment, and NIED claims are barred by sovereign immunity. The doctrine of sovereign immunity shields the United States from lawsuits. *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Suits brought against the United States are thus dismissed unless a claimant can point to an express waiver of sovereign immunity. *Id.* (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). Sovereign immunity is jurisdictional, and only the United States' consent to be sued in any court creates jurisdiction to entertain the suit. *Meyer*, 510 U.S. at 475.[2]

The FTCA grants a limited waiver of the United States' immunity from suit for torts committed by federal employees. *Ellison v. United States*, 531

---

[2] Plaintiff argues that sovereign immunity does not apply because she seeks prospective injunctive relief. ECF No. 10, PageID.105. Sovereign immunity does not bar suits against *state* defendants for prospective injunctive relief. *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)). But plaintiff cites no parallel rule for suits against *federal* agencies. Plaintiff cites the Tucker Act, but her reliance on that statute is misplaced. The Tucker Act does not apply, as it vests exclusive jurisdiction over non-tort claims seeking more than $10,000 with the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *Brott v. United States*, 858 F.3d 425, 428-29 (6th Cir. 2017). The claims at issue are torts, and this Court is not the Court of Federal Claims.

F.3d 359, 361 (6th Cir. 2008). But the United States is "the only proper defendant" for claims under the FTCA. *Jones v. Johnson*, 707 F. App'x 321, 331 (6th Cir. 2017) (citing 28 U.S.C. § 2679(b)(1)). Plaintiff brings this action against the SSA, which is not a proper party. *Id.*; *Johnson v. O'Neill*, 130 F. App'x 1, 4 n.2 (6th Cir. 2005) ("[F]ederal agencies are immune from tort suits."). And she identifies no other waiver of sovereign immunity permitting her to bring these tort claims against the SSA. Thus, the claims should be dismissed without prejudice for lack of subject-matter jurisdiction. *See Simpson-Vlach v. Mich. Dep't of Educ.*, 616 F. Supp. 3d 711, 739 (E.D. Mich. 2022) ("A federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits." (cleaned up)).

Plaintiff's tort claims suffer from other defects, too. The FTCA "excludes certain tort claims from its sovereign immunity waiver," and a claim that falls within an exception must be dismissed for lack of subject-matter jurisdiction. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). One exception to the FTCA waiver is the intentional tort exception, which preserves sovereign immunity for claims arising from "misrepresentation [or] deceit." 28 U.S.C. § 2680(h).

Plaintiff advances a misrepresentation claim alleging that the SSA misrepresented the amount of disability benefits she was owed. ECF No.

13

1, PageID.15-16. Again, this claim disputes the denial of disability benefits and is thus preempted by the Social Security Act. 42 U.S.C. § 405(h). But the misappropriation claim also falls within the intentional tort exception to the government's waiver of sovereign immunity under the FTCA, so the Court lacks jurisdiction and should dismiss it without prejudice. *See* 28 U.S.C. § 2680(h).

As for plaintiff's claim of unjust enrichment, "no specific waiver of sovereign immunity exists to permit a suit against the government based on implied contractual theories such as unjust enrichment." *Damnjanovic v. U.S. Dep't of Air Force*, 135 F. Supp. 3d 601, 605 (E.D. Mich. 2015) (cleaned up). Because plaintiff has not shown that the government waived sovereign immunity for her unjust enrichment claim, it should be dismissed without prejudice.

Last, plaintiff did not exhaust her administrative remedies for her NIED claim as required for the FTCA to apply. The waiver of sovereign immunity under the FTCA requires a claimant to abide by the terms of 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial* of the claim by the agency to which it was presented.

14

*Jackson*, 751 F.3d at 716-17 (cleaned up, emphasis added).

Plaintiff's NIED claim stems from allegedly discriminatory treatment in plaintiff's employment.  ECF No. 1, PageID.17-18.  Even if plaintiff's discrimination complaints with the SSA and EEOC satisfied the written notice requirement, this claim is still untimely.  The SSA mailed to plaintiff its final decision on the discrimination claims in April 2011.  This action was filed in December 2024, long after the six-month limitations period under § 2401 lapsed.  This claim should be dismissed without prejudice.

IV. Conclusion

The Court thus **RECOMMENDS** that the government's motion to dismiss (ECF No. 8) be **GRANTED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 18, 2025

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

15

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager