UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAR S.,

      Plaintiff,

                                    Case No. 24-cv-13217
v.                                 Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S "EX PARTE MOTION
TO REOPEN THE DISMISSAL OF THE LOWER COURT IN FORMA
PAUPERIS"**

On December 3, 2024, Plaintiff filed this lawsuit claiming employment

discrimination and challenging Defendant's final decision denying her application

for social security benefits under the Social Security Act.  Defendant subsequently

filed a motion to dismiss, which was fully briefed.  (ECF Nos. 8, 10, 11.)  On

December 18, 2025, Magistrate Judge Elizabeth A. Stafford, to whom this matter

was referred, issued a Report and Recommendation (R&R), recommending that the

Court grant Defendant's motion.  (ECF No. 24.)  At the conclusion of the R&R,

Magistrate Judge Stafford advised the parties of their right to seek review and the

deadline (14 days) to do so.

On January 16, 2026, when neither party filed objections to the R&R, the Court issued an opinion and order adopting the magistrate judge's recommendation and granting Defendant's motion to dismiss.  (ECF No. 25.)  The Court entered a Judgment on the same date.  (ECF No. 26.)  Plaintiff has appealed.  (ECF No. 26.)[1]

In the meantime, Plaintiff filed a motion here, which the Court construes as a post-judgment motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 38.)  In the motion, Plaintiff contends that the district court (the undersigned and/or Magistrate Judge Stafford) did not hold Plaintiff and Defendant "to the same standard."  (*Id*. at PageID.310.)  Plaintiff asserts that she was never served with Defendant's motion or the Court's "order" and was not given "ample time" to file her objections to the R&R.  She claims the matter should be reopened for excusable neglect or extraordinary reasons.  Plaintiff fails to demonstrate her entitlement to relief for these reasons or any of the other reasons set forth in Rule 60.

Defendant filed its motion to dismiss on March 6, 2025.  (ECF No. 8.)  In the motion, Defendant represented that it sought concurrence from Plaintiff before filing the motion and mailed a copy to Plaintiff.  (*Id.* at PageID.30, 48.)  Magistrate Judge Stafford then entered an order requiring Plaintiff to respond to the motion,

---

[1] The Sixth Circuit dismissed the appeal for want of prosecution on February 23, 2026, due to Plaintiff's failure to sign her notice of appeal.  (ECF No. 34.)  Upon Plaintiff's motion, the appeal was subsequently reopened.  (ECF No. 39.)

which was served on Plaintiff, as well.  (ECF No. 9; 3/20/25 Text-Only Certificate of Service.)  Plaintiff's filing of a response to the motion on April 11, 2025 (ECF No. 10), belies any claim that she did not receive the motion.  Nowhere in the response brief does Plaintiff claim that she did not receive a copy of the motion or that she lacked sufficient time to respond.

The R&R subsequently issued by Magistrate Judge Stafford also was served on Plaintiff.  (12/18/25 Text-Only Certificate of Service.)  Any objections to the R&R were due from Plaintiff, as she was served via U.S. mail, on January 5, 2026.  *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b)(2).  Eleven (11) days after that deadline, with no objections filed, the Court issued its decision adopting the R&R.  (ECF No. 25.)

Plaintiff does not suggest, much less show, that her failure to file objections to the R&R resulted from "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Sixth Circuit has indicated that relief under Rule 60(b)(1) is warranted only if, among other factors, the movant demonstrates "a lack of culpability."  *Barron v. Univ. of Mich.*, 613 F. App'x 480, 486-87 (2015) (citing *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012)).  Nor does Plaintiff demonstrate "any other reasons justifying relief."  Fed. R. Civ. P. 60(b)(6).  It is well settled that relief under Rule 60(b)(6) is to be granted in only "exceptional or extraordinary circumstances which are not addressed by the first five numbered

clauses of the rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (same).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (ECF No. 38) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 23, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 23, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager